UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DR. STEVEN ARKIN, a Florida resident,
Individually and as the representative of a
Class of similarly situated persons,**

    **Plaintiff,**

v.                                                                  Case No: 8:16-cv-1717-T-35AAS

**GRACEY-DANNA, INC., a Florida
corporation, MEDPRO GROUP INC.,
THE MEDICAL PROTECTIVE
COMPANY, Indiana corporations, PLICO,
INC., an Oklahoma corporation,
PRINCETON INSURANCE COMPANY,
and JOHN DOES 1-5,**

    **Defendant.**
_____/

## ORDER

Before the Court is Plaintiff's Motion to Preserve Evidence from WestFax, Inc. (Doc. 11) filed on June 30, 2016. To date, no response has been filed by Defendants and the deadline for timely responding to the Motion has passed. Accordingly, the Court will treat the Motion as unopposed by Defendants. It does not appear that the Motion was served on nonparty WestFax, Inc. ("WestFax").

**I.     BACKGROUND**

In this case, Plaintiff filed his Class Action Complaint alleging that Defendants faxed advertisements to Plaintiff and others in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. 1). Plaintiff alleges that Defendants may have utilized the services of a third-party fax broadcaster named WestFax, which may have the transmission reports

1

and other electronic data that show which fax numbers received the advertising faxes. (Doc. 11, ¶ 2).

In the instant Motion, Plaintiff seeks an Order requiring WestFax to preserve information as identified in subsections (a)-(j) of Paragraph 5 of his Motion, pursuant to Federal Rules of Civil Procedure 26 and 34. (*Id.* at ¶ 5). Plaintiff contends a preservation order is necessary because WestFax has indicated that "transmission reports are automatically deleted within 60-90 days following each fax broadcast." (*Id.* at ¶ 3). Plaintiff has requested WestFax to preserve the evidence in this case but it will only do so with a Court Order.[1] (*Id.* at ¶ 4). Plaintiff contends Defendants will not be prejudiced by entry of a preservation order because they will have an opportunity to review the subpoena for records directed to WestFax and object to the same. (*Id.* at ¶ 7).

## II.   ANALYSIS

A federal court may issue preservation orders as part of its inherent authority to manage its own proceedings.[2] *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135-36 (Fed. Cl. 2004); *Robinson v. Gielow*, No. 3:14-cv-223-LAC-EMT, 2015 WL 4459880, at *3 (N.D. Fla. July 21, 2015). Federal courts typically employ one of two tests in determining whether to grant a request for a preservation order. Some courts employ a two-prong test that requires the proponent to demonstrate that the order is necessary and not unduly burdensome. *Pueblo of Laguna*, 60 Fed. Cl. at 135-36. Other courts employ a three-factor balancing test, which considers: (1) the level of

---

[1] Plaintiff asserts that at least three courts in this district have ordered WestFax to preserve evidence in a similar circumstances. Those orders are attached to the instant Motion. (Docs. 11-2, 3, 4).

[2] A party has an obligation to retain relevant documents when litigation is reasonably anticipated. *See Se. Mech. Servs., Inc. v. Brody,* No. 8:08-CV-1151-T-30EAJ, 2009 WL 2242395, at *2 (M.D. Fla. Jul. 24, 2009); *Wilson v. Wal-Mart Stores, Inc.,* No. 5:07-cv394- Oc-10GRJ, 2008 WL 4642596, at * 2 (M.D. Fla. Oct. 17, 2008). Here, however, Plaintiff seeks a preservation order directing a nonparty to retain documents.

concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved, not only as to the evidence's original form, condition or contents, but also the physical, spatial and financial burdens created by ordering evidence preservation. *See, e.g., Robinson*, 2015 WL 4459880, at *3; *Riego v. Carroll*, No. 08-433-SLR, 2009 WL 3448850, at *2 (D. Del. Oct. 23, 2009); *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004).

Plaintiff makes an adequate showing under either test. Plaintiff demonstrates a risk that relevant and existing evidence is in danger of being destroyed or was in danger of being destroyed at the time he filed his motion for preservation as a result of WestFax's alleged retention policies. In addition, because WestFax is not a party to this litigation and has no duty to preserve evidence absent a court order, the need for preservation is all the more pressing. *See Bright Solutions for Dyslexia, Inc.*, 2015 WL 5159125, at *3. Moreover, the data from WestFax may be evidence of violations alleged in this action. Finally, in light of Plaintiff's allegations of past dealings with WestFax, the company is amenable to preserving evidence in its custody and control when ordered to do so. Thus, it appears that WestFax has the capabilities to maintain the information at issue here.

### III.  CONCLUSION

Accordingly, it is **ORDERED:**

1. Plaintiff's Motion to Preserve Evidence from Westfax, Inc. (Doc. 11) is **GRANTED.**

2. WestFax, Inc. is directed to preserve during the pendency of this case the following items:

    a.    All electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail systems usage) sent or received by anyone relating to Defendants;

    b.    All other electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail system usage) containing information regarding Defendants;

    c.    All databases (including all records and field structural information in such databases) containing any reference to and/or information about Defendants;

    d.    All logs of activity or any computer system which may have been used to process or store electronic data containing information about Defendants;

    e.    All word processing files and file fragments containing information about Defendants;

    f.    With regard to electronic data created by application programs that process financial, accounting and billing information, all electronic files and file fragments containing information about Defendants;

    g.    All files and file fragments containing information from electronic calendars and scheduling programs where such data files contained information about Defendants;

    h.    All electronic data files and file fragments created or used by electronic spreadsheet programs where such data files contained information about Defendants;

    i.    All other electronic data containing information about Defendant; and

    j.    All electronic mail from third party resources (e.g. Hotmail, Yahoo, Gmail, AOL, etc.).

3. Plaintiff's counsel shall provide a copy of this Order to counsel for WestFax, Inc. no later than three (3) business days from the date of this Order. If WestFax, Inc. wishes to file a responsive pleading stating any objections to the Order, it may do so within fourteen (14) days from the date that Plaintiff's counsel provides a copy of this Order to counsel for WestFax, Inc.

**DONE and ORDERED** in Tampa, Florida on this 22nd day of July, 2016.

*Amanda Arnold Sansone*
_____
AMANDA ARNOLD SANSONE
United States Magistrate Judge