UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DR. STEVEN ARKIN, A Florida resident,
Individually and as the representative of a class of
similarly-situated persons,**

    **Plaintiff,**

v.                                             Case No.: 8:16-cv-1717-T-35AAS

**GRACEY-DANNA, INC., a Florida corporation,
MEDPRO GROUP INC., THE MEDICAL
PROTECTIVE COMPANY, Indiana corporations,
PLICO, INC., an Oklahoma corporation,
PRINCETON INSURANCE COMPANY, and
JOHN DOES 1-5,**

    **Defendants.**
_____/

## **ORDER**

Before the Court is Defendant's Motion for Entry of Confidentiality Order (Doc. 81). The parties agree on the proposed Consent Confidentiality Agreement and Order, with the exception of Sections 5(a) and 5(b)(xi). (*See* Doc. 81, Exs. E and G). Specifically, Plaintiff proposes that Section 5(a) contain the following additional language, which is italicized below:

> Documents designated confidential and any information contained therein also shall not be used for the purpose of soliciting clients to be represented in any litigation *unless that information is publicly available*. Documents designated confidential and any information contained therein may be disclosed only to the named plaintiff(s) and not to any other member of the putative class unless and until a class including the putative member has been certified; if a class is certified, however, information relating to one class member may not be disclosed to any other class members without permission from the Court. *However, if information is designated confidential that information may be provided to a putative class member if the confidential information is about that particular putative class member.*

(Doc. 81, Ex. E, p. 2). Plaintiff also adds, as Section 5(b)(xi), "punitive class members if the designated confidential documents are about that particular class member" as a category of persons who may review the documents designated as confidential. (*Id.* at p. 3).

In entering a confidentiality order, the district court is guided by the standards for issuance of a protective order pursuant to Rule 26 of the Federal Rules. *Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298-J-34TEM, 2010 WL 11505066, at *1 (M.D. Fla. Oct. 29, 2010). Rule 26(c) empowers this Court, for good cause, to issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." *See* Fed. R. Civ. P. 26(c)(1)(G).

Here, the parties have agreed to the terms of the proposed Consent Confidentiality Agreement and Order, with the exception of Plaintiff's additional language in Sections 5(a) and 5(b)(xii). (*See* Doc. 81, Exs. E and G). Plaintiff's proposed additions seek to exclude protection of information that is either available to the public or personal to the individual obtaining it. The Court approves Plaintiff's proposed additions as the excluded information would not be entitled to protection under Federal Rule of Civil Procedure 26(c)(1). Thus, the Court finds good cause exists to issue Plaintiff's version of the proposed Consent Confidentiality Order (Doc. 81, Ex. E).

Accordingly, it is **ORDERED** that Defendant's Motion for Entry of Confidentiality Order (Doc. 81) is **GRANTED in part and DENIED in part**. No later than **July 12, 2017**, the parties shall file jointly a clean, executed copy of Plaintiff's proposed Consent Confidentiality Agreement and Order (Doc. 81, Ex. E) for the undersigned's signature.

**DONE and ORDERED** in Tampa, Florida on this 5th day of July, 2017.

AMANDA ARNOLD SANSONE
United States Magistrate Judge